## GAMESON v. GAMESON.†

(Court of Civil Appeals of Texas. Austin.
Dec. 10, 1913. Rehearing Denied
Jan. 28, 1914.)

1. HUSBAND AND WIFE (§ 249*)—COMMUNITY PROPERTY.

Under Rev. Civ. St. 1911, art. 4622, providing that all property acquired by a husband or wife during marriage, except by gift, devise, or descent, is deemed community property, property acquired by deeds made after marriage is deemed community property; the date of the deed being prima facie evidence that the property was acquired at that time, placing the burden of proof on the one asserting the contrary.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 887, 889–892; Dec. Dig. § 249.*]

2. HUSBAND AND WIFE (§ 248½*)—SEPARATE PROPERTY OF HUSBAND—"CLAIMED."

The word "claimed," as used in Rev. Civ. St. 1911, art. 4621, providing that all property of the husband owned or claimed by him before marriage shall be his separate property, means a legal claim, or an equitable claim which may ripen into a legal claim.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 888; Dec. Dig. § 248½.*

For other definitions, see Words and Phrases, vol. 2, pp. 1202–1211; vol. 8, p. 7604.]

3. HUSBAND AND WIFE (§ 262*)—COMMUNITY PROPERTY—PROOF OF CHARACTER—WEIGHT OF EVIDENCE.

Under the statute providing that all of the effects which the husband and wife possess when the marriage is dissolved shall be regarded as common effects, unless the contrary be satisfactorily proven, the presumption that the property is community property must be overcome by evidence reasonably satisfactory to the jury; such presumption continuing until the contrary is "satisfactorily" proved.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

4. EVIDENCE (§ 596*)—BURDEN OF PROOF—WEIGHT OF EVIDENCE.

Ordinarily and in the absence of statute, the party having the burden of proof in a civil action need only make proof by a preponderance of the evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2446–2448; Dec. Dig. § 596.*]

5. HUSBAND AND WIFE (§ 262*)—COMMUNITY PROPERTY—"POSSESS."

The word "possess," as used in the statute providing that all of the effects which the husband and wife possess at the time the marriage is dissolved shall be regarded as common effects, unless the contrary be satisfactorily proved, implies ownership.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*

For other definitions, see Words and Phrases, vol. 6, p. 5463; vol. 8, p. 7757.]

6. HUSBAND AND WIFE (§ 272*)—COMMUNITY PROPERTY—DISSOLUTION OF MARRIAGE—DISSOLUTION BY DIVORCE.

The statute providing that all of the effects which the husband and wife possess "at the time the marriage may be dissolved" shall be deemed common effects, unless the contrary be satisfactorily proven, includes a dissolution by divorce as well as by death.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. § 272.*]

7. HUSBAND AND WIFE (§ 263*)—COMMUNITY PROPERTY—EVIDENCE.

In a suit between a husband and wife for the partition of land claimed to be community property, evidence that the husband was in possession of certain lands before marriage was admissible, as tending to show that he had a legal or equitable claim thereto at that time, so that the property remained his separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 915; Dec. Dig. § 263.*]

8. HUSBAND AND WIFE (§ 262*)—COMMUNITY PROPERTY—BURDEN OF PROOF.

The burden was on the wife to prove an allegation that certain land conveyed to the husband before marriage was paid for in part out of community funds, though one of the purchase-money notes was paid a year or more after marriage.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

9. HUSBAND AND WIFE (§ 262*)—SEPARATE PROPERTY OF HUSBAND.

A 14-acre tract of land was prima facie the separate property of the husband, where the consideration therefor was a deed executed by him for his undivided half interest in another tract which was owned by him before marriage.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 913, 914; Dec. Dig. § 262.*]

10. HUSBAND AND WIFE (§ 272*) — COMMUNITY PROPERTY—ACTIONS TO PARTITION—JURY QUESTION.

In a suit by a wife to partition land claimed as community property, evidence held to make it a jury question whether the husband intended that certain lands should remain his separate property or become community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. § 272.*]

11. HUSBAND AND WIFE (§ 264*)—COMMUNITY PROPERTY—SUFFICIENCY OF EVIDENCE.

Evidence in a suit by a wife to partition land claimed as community property held to sustain a finding that certain land was paid for in part with community funds.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 916; Dec. Dig. § 264.*]

12. EVIDENCE (§ 590*)—UNCONTRADICTED EVIDENCE—WEIGHT.

The jury need not believe the testimony of an interested witness, though it is not contradicted; especially where it might appear unreasonable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. § 590.*]

13. HUSBAND AND WIFE (§ 248½*)—SEPARATE PROPERTY.

If one in possession of land did not have a contract with the owner for its purchase which would constitute at least an equitable claim thereto, a husband by purchasing such claim before marriage did not acquire such a claim as would constitute the land his separate property, under Rev. St. art. 4621, making all property of the husband owned or claimed before marriage his separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 888; Dec. Dig. § 248½.*]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by Clara Gameson against Harry Gameson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

162 S.W.—74      † Second motion for rehearing denied, see 164 S. W.—.

Spivey, Bartlett & Carter, of Marlin, for appellant. Page Collier and Nat Llewellyn, both of Marlin, for appellee.

### Findings of Fact.

JENKINS, J. Appellant and appellee were married December 5, 1889, and were divorced August 19, 1911. No disposition was made of the community property in the divorce suit. Appellee brought this suit for the partition of eight tracts of land, alleging that they were community property, and also for the partition of certain personal property, consisting principally of household goods. Appellant, in addition to a general denial, alleged that the lands in controversy were his separate property, in that they were acquired by him before marriage, and were paid for out of his separate estate, except one-third undivided interest in the 111½-acre tract described in plaintiff's petition, which he admitted was community property.

The land in controversy consisted of a 50-acre tract; three small tracts adjoining the 50-acre tract, aggregating 50½ acres; a 14-acre tract adjoining two of these small tracts; a 73½-acre tract; a 126½-acre tract, and a one-third undivided interest in a 111½-acre tract.

The court instructed the jury that the 50-acre tract and the 73½-acre tract were the separate property of appellant, and that the one-third undivided interest in the 111½-acre tract was community property.

The 50-acre tract was purchased by appellant on December 1, 1888, one year and five days before his marriage, he paying a cash consideration and also executing two notes for the sum of $100 each, one due in 12 months and the other in 2 years. The three small tracts adjoining the 50-acre tract were deeded to appellant June 1, 1894, 4 years, 6 months and 26 days after the marriage. The 14-acre tract was deeded to appellant March 17, 1908, more than 18 years after the marriage. The 126½-acre tract was deeded to appellant September 28, 1891, nearly 2 years after the marriage.

The court submitted the case on special issues, instructing the jury as to what constituted community property, the presumptions of law and the burden of proof. The jury returned answers favorable to appellee as to all of these five tracts; and also as to when the two $100 purchase-money notes were paid, and out of what fund. These answers and the facts relating to these tracts will be more specifically dealt with in the opinion. The jury also answered questions submitted to them as to the personal property and the value thereof.

### Opinion.

[1] (1) The first assignment of error complains of the following portion of the charge of the court: "Where deeds to property are made to either husband or wife during their marriage, such property is presumed by law to be community property, which presumption has to be overcome by evidence reasonably satisfactory to the jury." There was no error in this charge in so far as it instructs the jury that, where deeds are made after marriage, the property is presumed by law to be community property. Our statute declares that: "All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, shall be deemed to be the common property of the husband and wife." R. S. art. 4622. The date of the deed to land is prima facie evidence that it was acquired at that time, and the burden of proof will be upon him who asserts the contrary. This disposes also of assignments Nos. 4, 5, 6, and 8, so far as the issues raised in said assignments are necessary to the decision of this case.

(2) Appellant relies upon article 4621, R. S., which declares that "all property, both real and personal, of the husband, owned or claimed by him before marriage, * * * shall be his separate property"; and asserts the proposition that, inasmuch as appellant testified that he claimed all of the property in controversy and was in possession of the same before marriage, the presumption that it was separate property is equally as cogent as the presumption raised from the date of the deed that it was community property. As we have said, the deed is prima facie evidence of the time when the property was acquired, as that is the instrument which vests title. This prima facie case may be met and rebutted by proof that in fact the property was owned or claimed before marriage, but this does not relieve the party asserting such fact from the burden of proving the same.

[2] (3) The expression "claimed," as used in article 4621, supra, signifies a legal claim or an equitable claim which may ripen into a legal claim. Sauvage v. Wauhop, 143 S. W. 260; Hawkins v. Stiles, 158 S. W. 1011. The nature of appellant's claim to the several tracts of land involved in this appeal will be more particularly stated in a subsequent portion of this opinion.

[3] (4) Appellant further contends that said charge was upon the weight of the evidence and erroneous, in that it required appellant to overcome the presumption of community property by evidence reasonably satisfactory to the jury. Many cases may be found in which it has been held error to charge the jury, where a party has only the burden of proof, that he must prove the fact claimed by him to the satisfaction, or to the reasonable satisfaction, of the jury, or that he must establish such fact.

[4] Where there is nothing more than the burden upon a party to prove a given fact, he is required to prove the same only by preponderance of evidence; and, in such case, it would be error to instruct the jury that such

fact must be established or must be proven to the satisfaction, or to the reasonable satisfaction, of the jury.

[5] But our statute declares that all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proven. The word "possess," as used in the above article, implies ownership; and this ownership, so far as real estate is concerned, is presumed to have begun at the date of the deed by which title to the property appears to have been acquired. The charges above referred to as having been held erroneous were so because it is not the law, where a party is required to prove a fact by a mere preponderance of evidence, that he is required to prove the same to the satisfaction of the jury; for they may not be "satisfied" by a mere preponderance of the evidence; but it cannot be error in any case for the court to inform the jury as to what is the law of the case; and we hold, by virtue of our statute, the law is that, where property is deeded to either husband or wife during the existence of the marriage, such property is presumed to be community property, and that such presumption continues until the contrary is "satisfactorily" proved. Ervin v. Ervin, 128 S. W. 1139; Speer on Married Women, §§ 146, 181, 182, 183, 201, 232, 326; Moor v. Moor, 24 Tex. Civ. App. 150, 57 S. W. 997.

[6] (5) The language "at the time the marriage may be dissolved," as used in article 2623, supra, includes such dissolution by divorce as well as by death. Moor v. Moor, supra.

[7] (6) Appellant insists that, inasmuch as he was in possession of the land in controversy prior to the marriage, appellee was thereby charged with notice of his claim to said lands. Appellee is not claiming as an innocent purchaser, but by virtue of the presumption raised by the statute on account of the date of the deeds. The fact, if such be the fact, that appellant was in possession of the lands prior to marriage was admissible in evidence as a circumstance to show that he had a legal or equitable claim to same at such time, and this evidence was admitted by the court. But such fact would not relieve appellant from the burden of proving such ownership prior to marriage by evidence reasonably satisfactory to the jury.

(7) As stated in the findings of fact herein, the 50-acre tract was purchased prior to marriage, but in part consideration therefor appellant executed two promissory notes, one due in 12 months, which would be 5 days before the marriage, and one due in 2 years. Appellee contends that these notes were paid out of the community property, and that the same was a charge against appellant's separate estate in the 50-acre tract of land. The court submitted to the jury whether these notes were paid before or after marriage, and the jury found that they were both paid after marriage. The court also submitted to the jury whether the notes were paid out of the separate funds of appellant, or out of community funds; and in this connection charged the jury that the burden of proof was on the defendant to show that the notes were paid out of his separate funds, if paid after marriage. The jury found that they were paid out of community funds.

[8] There is nothing in the statute as to marital rights which would place the burden of proof on the defendant in such case. The undisputed evidence showed that this 50-acre tract was deeded to appellant prior to marriage, and therefore it was his separate property, as charged by the court and found by the jury. Appellee alleged that this tract was paid for in part out of the community funds, and the burden of proof was upon her to establish such allegation. One of these notes was paid a year or more after marriage, and this was a circumstance to be considered upon the issue as to whether it was paid out of separate or community funds; but this did not relieve the appellee of the burden of proving her allegation that the payment was made out of community funds.

This disposes of the second, third, tenth, eleventh, and twelfth assignments of error, in so far as is necessary for a proper disposition of this case.

(8) As stated in the findings of fact, the evidence shows that the 14-acre tract was deeded to appellant and to appellee more than 18 years after marriage.

[9] It also shows that the consideration for this 14-acre tract was a deed executed by appellant for his undivided half interest in a 28-acre tract, which was owned by him before marriage. In this manner he clearly traced his separate property into this 14-acre tract; and such fact, if nothing appeared to the contrary, would show that it was his separate property; but the deed was executed to appellant and to appellee. Appellee testified that they had been living upon this 14-acre tract as their home, claiming the same for about 17 years, at the time the deed was executed, and that the same had been improved with community funds. The court propounded to the jury the following question: "As to the 14-acre tract described in the deed of William Gameson and wife to H. Gameson and Clara Gameson, dated March 17, 1908, the evidence shows that the consideration for said conveyance was an undivided half interest in a certain 28-acre tract claimed or owned by Harry Gameson prior to his marriage. Did H. Gameson intend in said transaction at the time thereof that his wife Clara Gameson should become the owner of an undivided interest with him in said 14 acres so conveyed by deed of William Gameson and wife, or that said 14 acres should become the community property of himself and wife, or did he intend that it

should remain his separate property?" The jury found in answer to this question that: "He intended to make it community property."

[10] The evidence was sufficient to raise the issue submitted to the jury in the above-stated question, for which reason there was no error in submitting the same.

[11, 12] (9) The court submitted the following question, relative to the 126½-acre tract: "Was the first payment, if any made on said land, made out of the separate funds or with the separate property of said H. Gameson, or with the community funds of himself and wife Clara Gameson?" To which the jury answered: "With community property of both." Appellant in the ninth and fifteenth assignments of error complains of this charge, for that the uncontradicted evidence showed that the first payment on said tract was made out of his separate property. Appellant testified that this tract was in litigation, and that one Johnson was claiming that he had a contract to purchase the same from the owners when the litigation was settled, and that he (appellant) prior to his marriage gave Johnson a horse valued at $126.50 for his claim on this land. The only testimony controverting this statement of appellant was that of appellee, who testified that appellant told her the day after their marriage that he had traded for this land on that day. Appellant had property of his own, but at that time there was no community property. She knew nothing as to the consideration, if any, paid by appellant to Johnson. This evidence would not be sufficient to overcome the testimony of appellant; and if the same was believed by the jury their verdict should have been that this payment was made out of the separate property of appellant; but a jury is not compelled to believe the testimony of an interested witness, notwithstanding the same is not contradicted, and especially so where the witness, as in this case, testifies to matters which might seem to the jury unreasonable. The deed to this tract was executed nearly two years after the marriage, and we think the court did not err in the question propounded.

(10) The deed to the 126½-acre tract, as above stated, was made nearly two years after the marriage. We doubt if appellant's testimony with reference to his transaction with Johnson shows a purchase of such a claim as would constitute this land his separate property, if he paid Johnson therefor out of his separate funds. Appellant testified that Johnson was claiming to hold this land under a contract. He does not say with whom, nor that said contract was in writing, and does not undertake to give the substance thereof.

[13] If Johnson, though in possession of the land, had no such contract with the owner as would constitute an equitable claim to the land, the "purchase of Johnson's claim" would not be the inception of title by appellant so as thereby to constitute same his separate property. Hawkins v. Stiles, supra. This applies also to the alleged claim to the three small tracts adjoining the 50-acre tract.

(11) The remaining assignments of error are to the effect that the evidence is insufficient to support the findings of the jury. As this case is to be reversed, and we do not know what the evidence upon another trial will be, it is not necessary nor proper that we should comment on the weight of the evidence.

For the reason that the court erred in charging that the burden of proof was on appellant, as indicated in paragraph No. 7 of this opinion, the judgment in this case is reversed and the cause is remanded.

Reversed and remanded.