GAMESON v. GAMESON et al.

(Court of Civil Appeals of Texas. Austin. Feb. 25, 1914.)

1. HUSBAND AND WIFE (§ 272*)—SUFFICIENCY OF EVIDENCE—COMMUNITY PROPERTY.

In a suit for partition of community property, evidence *held* sufficient to sustain a verdict finding that a certain tract of land was purchased after the marriage, and not before, as claimed by the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1003–1007; Dec. Dig. § 272.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

A proposition that the court erred in sending the jury back for a fuller answer is not germane to an assignment that the answers of the jury showed that they were prejudiced against appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—GROUPING ASSIGNMENTS.

The Court of Appeals may refuse to consider an assignment of error which embodies two points of law, and under which no proposition is submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

On motion to pass assignments. Motion granted, and assignments overruled.

For former opinion, see 162 S. W. 1169.

JENKINS, J. On a former day of the present term of this court we reversed and remanded this cause for error in the charge of the court on the burden of proof as to whether two notes executed by appellant for $100 each were paid out of the separate property of appellant or the community property of appellant and appellee; the jury having found under said charge in favor of appellee, that is to say, that the payment was made with community funds. Subsequently appellee filed in this court a remittitur of said amount. We reformed the judgment so that appellee should take nothing as to said notes, and, as thus reformed, we affirmed the judgment of the trial court.

Appellant has filed a motion requesting us to specifically pass on his assignments from 13 to 21, inclusive. We grant said request, and overrule each and all of said assignments.

[1] The thirteenth assignment is to the effect that the evidence does not support the finding of the jury that the 51½ acres consisting of three small tracts adjoining the 50-acre tract was purchased after marriage. The only deed that appellant had to this tract was executed, as stated in our findings of fact, 4 years 6 months and 26 days after marriage. Appellant testified that he bought this land from McMillan at the same time that McMillan deeded to him the 50-acre tract, about a year before his marriage. He said: That McMillan "had a contract with Goodrich for the 51½ acres. It was in writing." That the same has been lost. Five and a half years after this appellant bought this land from Hanrick and Goodrich; whether by purchase at that time or in fulfillment of the Goodrich contract does not appear. Appellant does not claim that he got a deed from McMillan to this 51½ acres. Why he should not have obtained a deed from McMillan to this land, as well as to the 50 acres, is not accounted for. The date of the deed made a prima facie case in favor of appellee. The appellant's evidence as to his having purchased McMillan's "claim" possibly required the issue to be submitted to the jury, and it was submitted. We cannot say, as a matter of law, that the verdict was not supported by the evidence.

[2] The fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth assignments all relate to the sufficiency of the evidence to sustain the findings of the jury. The twentieth assignment is that the answers of the jury show that they were prejudiced against appellant, and therefore he did not have a fair trial. The proposition under this assignment that the court erred in sending the jury back for a fuller answer is not germane to the assignment.

[3] The twenty-first assignment embodies two points of law, and no proposition is submitted under it. For this reason, we might have refused to consider it; but we have duly considered it, and find it without merit.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexe*