### HENDERSON et al. v. PAGE et al.
### No. 3109.

Court of Civil Appeals of Texas. El Paso.
Jan. 10, 1935.

Rehearing Denied Jan. 31, 1935.

Pat Coon, Jr., and W. H. Barnes, both of Terrell, for appellants.

Bond & Porter, of Terrell, for appellees.

PELPHREY, Chief Justice.

This case was instituted by appellants against appellees for the purpose of having partition made of 62 acres of land situated in Kaufman county, Tex.

The contention of appellants was that the property was the community property of Jim and Lula Henderson, deceased, and that they were the owners of an undivided one-half interest therein as the grandchildren of Lula Henderson. The contention of appellees was that the land was the separate property of Jim Henderson.

The jury found that the property was the community property of Jim and Lula Henderson, but that he paid $825 of the $1,200 consideration for the land out of his own separate funds.

From a judgment awarding appellants $74\%_{600}$ of the land and appellees $810\%_{600}$ thereof, this appeal has been prosecuted.

### Opinion.

Appellees object to a consideration of several of the assignments of error appearing in appellants' brief as being too general.

While we agree as to the assignments, we feel that the propositions sufficiently specify the errors complained of and that they should be considered. 3 Tex. Jur. § 596, p. 854, and cases cited.

Under the amendment to article 1757 (Acts 1931, c. 45, § 1, Vernon's Ann. Civ. St. art. 1757), propositions are not an essential part of briefs; therefore, the sufficiency of the propositions here cannot be questioned. Standard v. T. P. Coal & Oil Co. (Tex. Civ. App.) 47 S.W.(2d) 443; Sanitary Appliance

Co. v. French (Tex. Civ. App.) 58 S.W.(2d) 159.

Appellants objected to the following explanation given by the court in connection with the submission of the issue as to whether the land in question was community or separate property: "To further aid the jury in answering the questions propounded to them in this charge, they are instructed that when property is acquired by either the husband or the wife during marriage, such property is presumed to be the community property of the husband and wife unless the contrary be proved, and the burden rests upon the person who asserts the contrary to prove the same by a preponderance of the evidence."

They now assign error to the giving thereof, contending that requiring appellees to prove the property was the separate property of Jim Henderson by only a preponderance of the evidence did not meet the requirements of article 4619, R. S. That article provides that all property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved.

The word "satisfy," as relating to sufficiency of evidence, means more than a preponderance of evidence. San Antonio & A. P. Railway v. Graves & Patterson (Tex. Civ. App.) 131 S. W. 613; Moore v. Stone (Tex. Civ. App.) 36 S. W. 909, 910.

It follows, we think, that the court failed to require of appellees the degree of proof required under the above statute and that the assignment must be sustained. Gameson v. Gameson (Tex. Civ. App.) 162 S. W. 1169, rehearing denied (Tex. Civ. App.) 164 S. W. 1104 (writ refused). In the above case an instruction that the presumption as to the property being community had to be overcome by evidence reasonably satisfactory to the jury was held correct.

Without discussing the evidence in detail, we feel that it was sufficient to raise a question for the determination of the jury and that the court properly refused to instruct a verdict for appellants.

The remaining assignments have been considered and are without merit, under the facts before us.

Because of the error, above mentioned, in the explanation given, the judgment is reversed and the cause remanded.