## J. C. Moore v. Mollie Moore.

Decided March 29, 1902.

**1.—Community Property—Payment With Separate Funds.**

Where a husband bought land partly for cash and partly on time, making the cash payment wholly with community funds, the land remained community estate although he made the deferred payments with his separate funds, but the community estate was chargeable with the amount so paid by him,—there being no agreement at the time the land was bought that it should be his separate property to the extent that it should be paid for with his separate means.

**2.—Same—Parol Partition.**

Where a husband and wife owning community lands, after separation and under a parol agreement in relation to their interests, jointly incumbered the lands for the husband's benefit to an amount more than the value of his interest, the wife to have the lands remaining after that debt was paid as her separate property, and she held possession of such remaining lands for about ten years and made considerable improvements, the transactions amounted to an equitable partition which, having been fully executed, the courts will uphold and enforce by decreeing the legal title to the wife.

Appeal from Fannin. Tried below before Hon. Ben H. Denton.

*Chas. D. Grace* and *Richard B. Semple,* for appellant.

*J. C. Meade, Thomas & Donaldson,* and *Taylor & McGrady,* for appellee.

TEMPLETON, Associate Justice.—The appellee, Mollie Moore, brought this suit against the appellant, J. C. Moore, for divorce and for the adjustment of their property rights. A jury trial resulted in a decree for divorce and in a judgment awarding to the appellee the property in controversy, which consisted of 120 acres of land.

J. C. Moore and Mollie Moore were married in 1869 and lived together as husband and wife until November, 1887, when Moore, after being guilty of cruel treatment toward his wife of such a nature as to render their living together insupportable, abandoned her, and they have lived apart since that time. During the time they lived together they acquired four tracts of land aggregating 280 acres, the 120 acres in controversy being a part thereof. It was alleged by appellee that all the

land was paid for with community funds and was community property. It was claimed by appellant that the land was his separate property, having been paid for with money inherited by him. It was alleged in appellee's petition "that on or about the 29th day of January, 1890, plaintiff and defendant, then being permanently separated with no expectation of ever again living together as husband and wife, entered into an agreement, which was in its terms fair and just to defendant, concerning their property rights, by the terms of which it was agreed that plaintiff would join with the defendant and enable the defendant to borrow $2500 by giving a deed of trust upon all of said lands, and that plaintiff was to have no part of said $2500, but that defendant was to have the same as his separate property and would accept the same in full of his interest in said community property."

· It was further alleged that the said sum was borrowed in pursuance of said agreement and was received and appropriated by appellant, and was more than the value of his interest in the community property. It was also alleged that, by the terms of the said agreement, the money so borrowed was to be paid by appellee out of the said lands and that she was to have and hold whatever lands remained, after paying the said debt, as her separate property, and it was further alleged that all of the said lands except the 120 acres in controversy was sold by appellant and appellee and the proceeds of said sales paid on said debt, leaving an unpaid balance of about $500, which was paid by appellee out of her separate funds. The case was submitted on special issues, and the jury found that the allegations in appellee's petition concerning the said lands being community property and concerning the said agreement and the payment of said debt were true. The evidence was sufficient to justify the findings.

The court instructed the jury that if any of the said lands were bought partly for cash and partly on credit, and if the cash payment was wholly made out of community funds, then such lands would be community property, even if appellant paid the remainder of the purchase money out of his separate property, but that if appellant did so pay the notes given for part of the purchase money, the community estate would be chargeable with the amount paid by him. The charge follows the law as declared by this court in Hirsch v. Huvell, 60 Southwestern Reporter, 887. There was no evidence to the effect that it was understood, at the time the deed was taken, that the deferred payments should be made by appellant, and that the land was, to the extent of such payments, to be his separate property.

The agreement in regard to the division of the property was verbal. The court permitted the appellee, over objection by appellant, to testify as to the terms of the agreement, the objection being that the husband and wife can not legally partition their community estate by parol agreement so as to pass title from one to the other. The court propounded to the jury the question whether appellant and appellee did enter into the agreement set out in appellee's petition, and if so, whether it was

fair and just to appellant. Complaint is made of the manner in which the issue was submitted, the contention being that the court should have stated the terms of the alleged agreement in connection with the question. Appellant also complains of the submission of the said question to the jury, because the only evidence tending to show any such agreement was that of appellee, which showed an agreement different from that alleged. Another contention of appellant is that the court was not warranted by the pleadings, evidence, and findings of the jury in entering judgment for appellee for the lands in controversy, for the reason that the agreement shown was not sufficient to divest appellant of his interest in said lands. These contentions of appellant are stated together, as they all relate to the same matter. None of them, except the last, requires serious consideration. The reference to the allegations of the petition in the question propounded to the jury was sufficiently specific to direct the attention of the jury to the very facts they were called to pass upon, and their findings show that they thoroughly understood the issues submitted to them. No additional special findings were requested. There is no real difference between the agreement shown by Mrs. Moore's testimony and that alleged in the petition. If the agreement and the acts of the parties thereunder had any binding force whatever, Mrs. Moore was a competent witness and the court did not err in permitting her to testify.

Whether the transactions between the parties in relation to the agreement, which were alleged and proved by appellee and established by the findings of the jury, authorized a judgment in her favor for the lands in controversy, is the remaining question in the case. In Rains v. Wheeler, 76 Texas, 390, it was held that deeds of separation made after separation are valid so far as they settle the rights of property between husband and wife, if made without coercion or undue influence, and the provisions are just and equitable. On the authority of that case, the agreement set up herein can not be held void as being contrary to public policy. In this case the husband and wife owned, in community, 280 acres of land at the time of the separation. After permanent separation they jointly incumbered the land, for the benefit of the husband, with a debt of $2500, which was more than the value of his interest in the community estate. Over half of the land was jointly sold by the husband and wife to discharge the debt. All this was done under an agreement that the sum so received by the husband was accepted by him in full of his interest in the community property, and that the lands remaining on hand after the debt was paid should be the separate property of the wife. She was in possession of the land now claimed by her for about ten years before this suit was brought, claiming the same under said agreement. She made considerable improvements thereon. If she is permitted to recover the land in controversy, she will have received no more than her share of the community estate. Her equitable right to the land is clear, and we think that she should, under the facts shown, be now vested with the legal title. The transactions between the

husband and wife amounted to an equitable partition and division of the community property, and having been fully executed, the agreement should be upheld and enforced.

The judgment is affirmed.

*Affirmed.*