## HORNSBY et al. v. HORNSBY.

### No. 9020.

Court of Civil Appeals of Texas. San Antonio.

March 15, 1933.

Rehearing Granted in Part and Overruled in Part April 26, 1933.

L. Hamilton Lowe and Kleberg & Eckhardt, all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, and R. A. Sowder, of Lubbock, for appellee.

FLY, Chief Justice.

This action was originally begun by appellee, Bobbie B. Hornsby, against her husband, J. C. Hornsby, one of the appellants, for a divorce and to enforce a separation agreement, whereby appellee was to receive as her share of the community estate certain real estate in Nueces county, and he was to receive certain property in Lubbock county.

The cause was tried on the fifth amended original petition, in which pleading the divorce proceedings were abandoned, as J. C. Hornsby had obtained a divorce from appellee in Lubbock county, and four additional parties were made to the suit, namely, C. C. Hornsby, Grace Hornsby, Wallace Hornsby, and Rosemma Hornsby, the first being the parents of J. C. Hornsby, and the last named a brother and sister of J. C. Hornsby. The five named are the appellants herein.

The cause was tried by a jury on special issues, and the court rendered judgment validating the separation agreement between the former husband and wife, and decreed that the title to lots 61, 62, and 63, in block 3, Beach Hotel addition to the city of Corpus Christi, Nueces county, be vested in appellee, with the improvements, fixtures, and appurtenances therein and thereon situated, and the title and possession of a certain Nash automobile be adjudged to appellee, as against all the appellants. The property in Lubbock county was set apart and decreed to C. C. Hornsby. In addition to the real property in Lubbock county, certain notes were set apart to C. C. Hornsby. In other words, all the property in Lubbock county, by virtue of the separation agreement, was vested in C. C. Hornsby, the father of J. C. Hornsby. No complaint is made of the disposition of the Lubbock county property or the notes. Such decree need not be considered.

The case is one between the five Hornsbys and the divorced wife of J. C. Hornsby. The court gave judgment for appellee against all of the appellants, except J. C. Hornsby, for rents and actual damages in the sum of $1,290, and $1,500 exemplary damages, and also granted a permanent injunction against all the appellants to restrain them from in any way interfering with appellee in the enjoyment and possession of her property.

■ The husband and wife entered in an agreement in November, 1929, which is called a separation agreement, but which was, in deed and in truth, a partition of the property between the spouses. It was an executed contract acted upon by both of the parties, and it was never questioned by either of the parties until after the divorce was granted, when it seems that it was determined by J. C. Hornsby, assisted by the bankruptcy court and other members of the Hornsby family, to destroy the agreement and dispossess the divorced wife of the property allotted to her in the partition of the estate. The father of the husband, who is C. C. Hornsby, attended the bankrupt sale and purchased the property of appellee, of which she was at that time in possession and full control. Her possession was notice to all that she, as a divorced wife, had a claim to it. It is almost inconceivable that C. C. Hornsby did not know that the partition was made, as he lived just across the street from appellee, and it was shown by her testimony that C. C. Hornsby was fully acquainted with the written partition and knew that the lots in Corpus Christi had been partitioned to appellee in the written agreement. C. C. Hornsby was not a bona fide purchaser of the property, from the trustee in bankruptcy, on April 27, 1931. The voluntary bankruptcy proceedings were begun on March 24, 1931, about the time the suit for divorce was instituted by J. C. Hornsby. Appellee filed a suit for divorce in Nueces county about the time that J. C. Hornsby filed his suit for divorce in Lubbock county, on March 12, 1931. In his divorce decree no property rights were adjudicated, although a list of community property was attached to the petition for divorce. It is inferable that J. C. Hornsby did not press a division of the estate in his divorce suit, probably not desiring to raise a contest as to the property, preferring what was deemed "a primrose path" through the bankruptcy court. He had evidently determined to repudiate the partition agreement, as he did repudiate it, when he entered the bankruptcy court, where he did not expect his divorced wife to interfere, and where she did not interfere. The divorce proceedings and bankrupt proceedings were almost contemporaneous, and undoubtedly a part of the general scheme to wrest from appellee the Corpus Christi real estate. The scheme worked smoothly until it struck a trial in the district court. While the suit was pending, O. C. Hornsby induced appellee to make a trip to Lubbock, and during her absence C. C. Hornsby and wife moved into the apartment of appellee, took possession, and boxed up all of her property, and their son and daughter went into appellee's cottage. This was done without the semblance of legal authority. Appellee was induced to vacate her property temporarily and go to Lubbock, by the representation of O. O.

Hornsby that her former husband was in bad physical or mental condition, and that she might aid him by going to Lubbock. That absence gave the opportunity to the Hornsbys to seize the possession of her property.

■■ The written agreement was a valid and binding partition, and the several reconciliations and disagreements did not affect its validity. The fact that J. C. Hornsby received much more property than appellee would not furnish the basis for an argument that no partition was intended, but, on the other hand, might indicate that the husband had assumed the debts, or had got the best of the woman in the division. It was a legal and valid partition of the property, acted on and carried out by the parties. Moore v. Moore, 28 Tex. Civ. App. 600, 68 S. W. 59. Husbands and wives are not compelled by law to make partitions, in such way that each should receive equal value, but they may partition as they see proper and fit. The partition of the estate was in writing, and not dependent upon any oral agreement, although the partition might have been made through an oral agreement, which would not be obnoxious to the statute of frauds (Rev. St. 1925, art. 3995). The agreement was in writing, was put in execution, and appellants must abide by it.

Propositions 11, 12, and 13 have no foundation in law or fact and are overruled.

■ The fourteenth and fifteenth propositions are overruled. The purchaser at the bankrupt sale obtained no title. The inclusion of property not his own, in his schedule of assets, gave no jurisdiction over such property to the bankrupt court, and the judgment and sale of such property was null and void, and either could be assailed in any judicial proceeding in which either the judgment or sale might be attacked, whether collateral or direct.

■ The sixteenth proposition is overruled. The remark of the judge, while not exactly proper, was withdrawn by him and could not have injured appellants, especially as we think no other verdict than the one returned could have been sustained by the evidence.

■ The action of appellants in regard to the personal property was a flagrant violation of private rights, was a legal conversion of the property, and was without excuse or palliation. It was properly punished by the jury. The seventeenth, eighteenth, nineteenth, and twentieth propositions are overruled. No element of good faith appeared in the transactions with the property of appellee. Appellants showed an utter disregard for the rights of appellee and took possession of and appropriated her property without any warrant of legal authority.

The propositions of all the appellants are overruled, and the judgment is affirmed.

## On Motion for Rehearing.

Appellants Wallace Hornsby and Emma Hornsby, his wife, the latter insisting that she is not a daughter, but only a daughter-in-law, of C. C. and Grace Hornsby, sought to have the matter of exemplary damages submitted as to them separately from C. C. Hornsby and Grace Hornsby, but that privilege was denied them, and they were joined with the others in the submission to the jury. We are inclined to the conclusion that the court erred in not separating the parties as to the exemplary damages, as the evidence was very different as to Wallace and Emma Hornsby. The evidence as to exemplary damages is not as satisfactory as it should be to sustain the heavy sum of $1,500 as to exemplary damages, and we have concluded that the judgment of the lower court should be reversed, unless there is a remittitur as to the exemplary damages. If that remittitur is not entered by appellee within ten days from April 25, 1933, the judgment will be reversed, and the cause remanded, the cost of appeal to be paid by appellee. However, if a remittitur of the $1,500 exemplary damages is made in the time indicated, the judgment as amended will be affirmed, all costs to be paid by appellants.