# SUPREME COURT OF TEXAS.

## TYLER TERM, 1886.

### MARY J. CURTIS v. W. H. POLAND ET AL.

(Case No. 2065.)

1. TENANTS IN COMMON—IMPROVEMENTS—EQUITABLE CHARGE—By improving land held in common a tenant in common acquires no right, title or interest in the portion improved; but rather an equitable charge upon it. And it has been held that he has a lien to secure compensation for necessary or proper improvements on the common property.

2. SAME—EQUITY—Equity may protect the co-tenant who has made improvements on the common property, by setting apart to him, in partition, the portion improved, if this can be done without detriment to the other co-tenants; or he may be protected, in proper cases, by awarding compensation for improvements beneficial to all, or by considering the value of improvements so made in the adjustment of equities growing out of the fact that he has received and become accountable for rents.

3. SAME—ASSIGNMENT—Such a claim of the co-tenant for improvements is assignable; but even if it is secured by a lien, it would not pass to a purchaser from a co-tenant through a deed not sufficient to pass a debt secured by lien created by contract; and a debt secured by mortgage upon the common property, executed by one co-tenant, would not pass by a quit claim deed purporting to convey only the right, title and interest of the mortgage in the common property.

4. SAME—It is probably true that such a claim would pass by a warranty deed purporting to convey land so improved, or even by a quit claim deed in terms purporting to convey the improvements.

APPEAL from Harrison. Tried below before the Hon. William Stedman, special judge.

The facts are stated in the opinion.

*M. R. Greer* and *Booty & Young*, for appellant, cited: Rice *v.* Rice, 21 Tex., 58; Bond *v.* Hill, 37 Tex., 626; Robinson *v.* McDonald, 11 Tex., 385; Arnold *v.* Cauble, 49 Tex., 527; Freeman on Co-Ten. and Par., secs. 509, 510; Story's Eq, 1237; Swan *v.* Swan, 8 Price, 518; R. S., 4813.

No brief on file for appellees.

STAYTON, ASSOCIATE JUSTICE.—This action was brought by Mary J. Curtis to obtain partition of a house and lot in the city of Marshall.

The lot was of the community estate of her father and mother. Her mother died in November, 1876, leaving six children and two grandchildren; and after her death the improvements on the lot were destroyed by fire, but were rebuilt by the father in the year 1878 with his separate means, the greater part of which was obtained from the plaintiff. In January, 1883, her father conveyed to her all his "right, title and interest" in the lot, reserving to himself the right to possess the lot so long as he might live.

Her father died in August, 1883, and after his death three of the children conveyed to the plaintiff their interests in the property. There was a prayer in the petition that the part of the lot on which the improvements were should be set apart to the plaintiff, if this could be done without prejudice to the defendants, who were the two children who had not conveyed to the plaintiff and two children of a deceased brother, and in case this could not be done, that compensation be made to her for the value of the improvements made by her father.

The defendants, with other defenses alleged that the plaintiff had had the exclusive possession of the property since the death of her father, and that during this time she had received rents, which the jury found amounted to about $400. The court submitted special issues to the jury, and their findings exhibit the facts above stated, and others not material to the disposition of the case, and upon them, without a statement of facts, or bill of exceptions, the case is brought before us. Upon the verdict, the court below entered judgment declaring that the plaintiff was entitled to ten-twelfths of the property, and that each of her sisters defendant were entitled to one-twelfth, and directing partition so to be made. The court also gave judgment in favor of each of the sisters of the plaintiff for one-twelfth of the sum which she had received from rents of the property after the death of her father. There is no finding, nor admission, that the property in controversy was the homestead of the father and mother of the plaintiff at the time of the death of her mother.

The only assignments of error presented in the brief of counsel are the following:

1. "The court erred in not allowing the plaintiff compensation for the improvements which her grantor, J. M. Curtis, made on the community land, after the death of his wife, with his own separate means. The evidence and finding of the jury showing that J. M. Curtis made the improvements on the community homestead after the death of his wife, with his separate means, and afterwards conveyed the homestead, including improvements to the plaintiff."

2. "The court erred in not allowing the plaintiff to set off her claim for the improvements, which her grantor made, against the claim of the defendants for the rent of the property which plaintiff had received."

It is unnecessary, in this case, to consider what would be the right of the appellant had she made necessary, proper and valuable improvements on the lot owned by her and her co-tenants, or had she acquired the equitable claim which her father may have had, growing out of the fact that he may have made such improvements, after the death of his wife, on the common property; for, from the record befor us, we are of the opinion that the appellant did not acquire through the deed from her father any equitable claim which he may have had by reason of the fact that he made improvements on the lot after the death of his wife.

It is evident that one tenant in common cannot make the fact that he has made improvements on the common property operate as a conveyance to him of any right, title or interest in or to the land on which such improvement is made. Improvements, so made, may confer upon the co-tenant maker an equity, which a court of equity will protect by setting apart to him in partition the part of the common property on which the improvement is made, if this can be done without detriment to the other co-tenants; or, if this cannot be done, the court will protect him, in proper cases, by awarding compensation for improvements beneficial to all; or will consider the value of improvements so made, in the adjustment of equities growing out of the fact that the co-tenant so improving has received and become accountable for rents, but such equitable claim is neither a right, title nor interest in or to the land so improved. That such an equitable claim might be assigned we have no doubt, and that it would pass by a warranty deed purporting to convey land so improved, or even by a quit claim deed, which, in terms, purports to convey the improvements, is most probably true.

Such a claim for improvements is rather an equitable charge upon the land improved, than a right, title or interest in or to it; and it has sometimes been declared that a co-tenant has a lien to secure compensation to him for necessary or proper improvements made by him on the common property. Such an equitable claim, even if secured by lien, surely would not pass to a purchaser from a co-tenant through a deed not sufficient to pass a debt secured by lien created by contract; and it would not be contended that a debt secured by mortgage upon the common property, executed by one co-tenant to another, would

pass by a quit claim deed which only purports to convey the right, title and interest of the mortgagee in the common property.

There is nothing in the deed through which the appellant claims to indicate that it was the intention of her father to assign to her any claim he may have had, growing out of the fact that he may have made improvements on the lot. It is unnecessary, in this opinion, to consider the character of improvements made by a tenant in common, and the circumstances under which they must be made, to entitle such person to compensation, directly or indirectly, therefor. No such right exists in all cases, but each case must depend upon its facts.

We find no error in the judgment and it will be affirmed. It is so ordered.

AFFIRMED.

[Opinion delivered October 15, 1886.]