## JANE M. HILLEN v. W. H. WILLIAMS.

### Decided February 11, 1901.

**1.—Verdict on Special Issues—Judgment Must Conform.**

Where the facts of a case have been submitted to the jury upon special issues, the judgment of the court must conform to the verdict, and is but the legal conclusion arising from the facts found by the jury.

**2.—Community Interest in Lands Exchanged.**

Where the land in controversy was acquired through an exchange for it of other land in which plaintiff had an equitable community interest, and the jury so found, a judgment in defendant's favor for title to all the land in suit was not warranted.

**3.—Same—Community Improvements.**

Where an original community interest in the tract so given in exchange was enhanced by reason of improvements placed thereon by the community, the equitable community interest should be measured by such enhanced value of the land at the time it was exchanged for the tract in controversy.

**4.—Trespass to Try Title—Equitable Interest May Be Offset.**

Where plaintiff had acquired the legal title to the land in controversy by an exchange therefor of lands in which she had an equitable community interest, she was entitled to offset such equitable interest against an equitable claim of defendant to the land in suit.

**5.—Community Property—Assertion of Widow's Claim in Administration—Estoppel.**

Where land bought by the husband before marriage is, in the administration of his estate, set apart to the widow as a homestead, the fact that she presented no claim against the estate for an interest in the land by reason of community funds having been used to pay for it, and of improvements placed on it by the community, does not estop her from asserting her community claim against one acquiring the land from the heirs of the husband, nor render such claim res adjudicata.

Appeal from Rusk. Tried below before Hon. W. J. Graham.

*Turner & Hendricks,* for appellant.

*John R. Arnold,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by appellant to recover of appellee a tract of 150 acres of land described in the petition. The amended original petition upon which the cause of action was tried in the court below is in the usual form of petitions in actions of this kind; sets up title by limitation of three, five, and ten years, and contains an allegation of the rental value of the premises and a prayer for the recovery of rents.

Appellee's answer to this petition contains a special exception to the claim for rents set up in the petition, a general denial and plea of not guilty, and, in reply to plaintiff's claim of title by limitation, avers that plaintiff held any title and possession to said land which she might have in trust for the heirs of J. C. Dorsett, deceased, who are the vendors of defendant; that plaintiff had never denied the title of said heirs to said land, but in recognition of the same agreed and consented to the sale of the land by said heirs to defendant; also pleads the coverture of two of said heirs of said Dorsett, and avers that the remaining heir shared the possession of said land with the plaintiff during all the time plaintiff was in possession of same. The answer also contains a plea of improvements in good faith; avers that the land was obtained by plaintiff by an exchange of a 200-acre tract which was the separate property of J. C. Dorsett, deceased, who was the husband of the plaintiff at the time of his death, which 200-acre tract had been set apart to plaintiff in the administration of the estate of said Dorsett as homestead for herself and the minor heirs of said Dorsett, who are the vendors of defendant; that plaintiff had abandoned the possession of the land in controversy some time prior to the purchase by defendant, and had repeatedly declared to defendant and others that she did not own said land, but that same belonged to the children of said Dorsett, and that defendant was induced by said declarations to purchase said land.

To this answer plaintiff filed a supplemental petition, denying all of the averments of defendant, alleging that the 200 acres of land traded for the land in controversy was paid for with community funds of said Dorsett and herself, and that improvements to the value of $450 were placed upon said land with the funds of said community; that after the death of said Dorsett she and the children of said Dorsett occupied said 200 acres as a homestead for twenty years, and then traded same for the land in controversy in this suit, which land she has continuously occupied as her homestead since its conveyance to her in 1884, until she was wrongfully dispossessed by the defendant as alleged in her petition.

In answer to plaintiff's supplemental petition the defendant filed a

supplemental answer containing numerous exceptions, some of which will be noted later on in this opinion, also pleas of limitation of two, four, and ten years to plaintiff's claim for the value of the improvements placed on said 200-acre tract of land, and plea of estoppel and res adjudicata based on the failure of plaintiff to have any claim she might have held against the estate of said Dorsett allowed in the administration of said estate. The remaining averments in said supplemental answer are immaterial in the disposition of this appeal and need not be set out. The trial of the cause in the court below resulted in a judgment for plaintiff for her homestead estate in the land in controversy, and in favor of defendant for the title to all the land, from which judgment the plaintiff prosecutes this appeal.

The case was submitted to a jury in the court below upon special issues, and the first, second, fourth, and twelfth findings contained in the verdict of the jury are as follows: "(1) We find that the 200 acres of land was not the separate property of J. C. Dorsett. We find that J. C. Dorsett's separate interest was five-eighths, and that the community interest was three-eighths in and to said 200 acres of land. (2) We find that the enhanced value of the land by reason of the joint efforts and labor of J. C. Dorsett and wife at the time of the death of J. C. Dorsett was $450. (4) We find that the defendant Williams did not act in good faith in making improvements upon said land. (12) We find that, with the improvements put thereon by the defendant Williams, the annual rental value (of the land in controversy) was $45. The jury further found that the defendant was not misled by any statement of the plaintiff, but that he was informed before his purchase that she claimed and asserted her rights in the land.

Upon these findings of fact by the jury it was error for the court to render judgment for the defendant for the title to all of the land, and to refuse to give judgment for plaintiff for the rental value of the land for the time it was withheld from her possession and occupied by the defendant. If a trial court can render a judgment in any case contrary to the verdict of the jury to whom are submitted the issues fact, then the right of trial by jury is a mere farce. If the verdict of the jury is not sustained by the evidence, such verdict and the judgment rendered thereon should be set aside and a new trial granted, but where a jury have intervened in a case and the issues of facts have been submitted to them, the judgment of the court must conform to the verdict, and is but the legal conclusions arising from the facts found by the jury. Claiborne v. Farmer, 18 Texas, 79.

The evidence in this case shows that the 200 acres of land which was exchanged for the land in controversy was purchased by J. C. Dorsett before his marriage with the plaintiff, and was therefore the separate property of said Dorsett. If any portion of the purchase money for said land can be shown to have been paid with community funds of plaintiff and said Dorsett, said community estate was entitled to reimbursement for the amount so paid, and the same was a charge upon the land. The

community estate of said Dorsett and plaintiff also had an equitable interest in said land to the extent that the same was enhanced in value by improvements placed thereon by said community, but in this case this equitable interest should be measured by the enhanced value of the land by reason of such improvements at the time same was exchanged for the land in controversy. Rice v. Rice, 21 Texas, 66; Funk v. Winter, 66 Texas, 525; King v. Cleveland, 60 Texas, 275.

The appellant in this case having acquired the legal title to the land in controversy in 1884, and the claim of title asserted by appellee being only equitable, resulting from the alleged fact that the consideration for the land was paid by the vendors of appellee, and the facts showing that said consideration was other land in which appellant claimed equities, upon the familiar principle that he who seeks equity must do equity, appellant must be allowed to show the extent of her equity in said land and to offset same against appellee's equitable claim to the land in controversy.

The appellant was not required to have her equitable claim upon the 200-acre tract of land settled in the administration of the estate of her deceased husband, J. C. Dorsett, and the fact that an allowance for a year's support was made her in said administration, and the 200 acres of land set apart to her as a homestead, and no claim was presented by her to the administrator of said estate for her interest in the improvements placed upon said land or in the community funds which may have been used in its purchase, does not estop her from asserting such claim in this court, nor make the same res adjudicata.

If appellee put improvements on the land with knowledge of appellant's homestead rights and in violation of good faith, such improvements became a part of the realty and inured to the benefit of the homestead estate, and appellant would be entitled to recover rent for the premises as thus improved. There is no merit in appellee's contention that it was not proper for plaintiff to set up her homestead claim in the land sued for and her equities in the 200-acre tract traded for said land, in a supplemental petition. These facts were all pleaded in answer to facts set up in defendant's answer, and were properly presented in a supplemental petition. We are of opinion that the allegation of plaintiff's petition are sufficient to entitle her to recover rents for the land sued for.

Because the judgment of the court below does not conform to the verdict of the jury, the judgment will be reversed and this cause remanded for a new trial.

*Reversed and remanded.*