## PENNEBAKER et al. v. THRASH et al.
### No. 3195.

Court of Civil Appeals of Texas. El Paso.
June 13, 1935.

Rehearing Denied July 11, 1935.

T. Young Collins and Frank R. Graves, both of Fort Worth, and A. H. Waldrop

and W. W. Caves, both of Henderson, for appellants.

John E. Green, Jr., and Joe S. Brown, both of Houston, Oswald S. Parker, of Beaumont, and Smith & West and Brachfield & Wolfe, all of Henderson, for appellee Gulf Production Co.

Bailey B. Baxter and Ely Straus, both of Dallas, for appellees Royal H. Brin and others.

Weeks, Hankerson & Potter and McEntire, James & Shank, all of Tyler, for appellees Tex-Jersey Oil Corporation and others.

PELPHREY, Chief Justice.

Prior to September 16, 1887, T. L. P. Holloman, a bachelor school teacher, was living at London, in Rusk county, Tex., with his widowed mother, Mrs. P. M. Holloman. On September 16, 1887, Holloman purchased from C. P. Eskridge and wife two tracts of land containing 82½ acres and 2½ acres of land, respectively. October 23d of the same year, Holloman married Alberta Rust and lived on the 82½-acre tract until his death which occurred on January 22, 1888. His mother, wife, and an unborn child, who was thereafter named Lynn Holloman, survived him. He left no will.

On September 10, 1888, Mrs. Albert Holloman, for herself and as next friend of Lynn Holloman, filed suit against Mrs. P. M. Holloman in trespass to try title and for damages, and seeking to recover a portion of the land conveyed to Holloman by Eskridge, and certain personal property.

At the July term, 1889, Eskridge filed a plea in intervention claiming a vendor's lien against the property to secure three notes for $25 each.

Judgment was rendered that the title to the land be divested out of Mrs. P. M. Holloman and invested in A. L. (Lynn) Holloman; that the use, enjoyment, and possession be decreed to Alberta Holloman for and during her natural life; and she was awarded a writ of possession. The judgment also awarded a foreclosure of a vendor's lien in favor of Eskridge in the sum of $88.55.

Writ of possession issued on September 28th and was executed on September 30th by placing Alberta Holloman in possession. Order of sale, under the foreclosure feature of the judgment issued on September 14, 1891, and on October 6th following, the property was sold to J. B. Mayfield and W. P. McDavid for the sum of $150.

In April, 1932, Lynn Joiner, née Holloman, joined by her husband, J. P. Joiner, and T. S. Pennebaker, filed suit in trespass to try title against I. R. Thrash, Bettie Thrash, C. M. Joiner individually and as trustee, Joiner Oil Corporation, Hunt Production Company, H. L. Hunt, individually and as trustee, Sun Pipe Line Company, S. E. Gray, P. G. Lake, W. P. Keeling, Viola Keeling, S. V. Guerin, Tex-Jersey Oil Company, Frank King, Louise Pace King, Dudley George, J. D. Overbey, P. T. Gwyme, Mrs. Laura Thrash, Mrs. Orrie Beall Teachworth, W. A. Teachworth, Mary Ida Guthrie, Burtis Guthrie, Estelle Harmon, Eugene Harmon, Afton Thrash, B. W. Cash, Ora Cash, Gulf Production Company, Gulf Pipe Line Company, Mac DeGuerin, Walker Wilson, R. A. Motley, V. S. Joiner, J. A. Humphreys, T. H. Gibson, Grace Gibson, W. L. Kistler, Alice Mae Kistler, Lanier-Wheeliss Company, H. H. Weinert, Mae Gutman, Lela R. Gutman, Royal R. Brin, Mrs. Mariam Strauss, Ely Strauss, and John R. Alford. In addition to praying for title and possession of the property, plaintiffs sought a recovery of the value of the oil, gas, and other minerals taken from the property, and to restrain the defendants from entering thereon and taking the minerals therefrom.

Defendants answered by a plea of not guilty, general denials, pleas of the statutes of limitations, and by way of cross-action asked for a removal of cloud from their title.

A jury was impaneled to try the issues, but, after all the evidence had been introduced, all parties agreed to submit the cause to the court.

The court then rendered judgment that plaintiffs take nothing, and that defendants be quieted in their title as prayed for in their cross-action.

This appeal has been prosecuted from that judgment.

### Opinion.

Defendants claim to be the owners of the land in question by virtue of the several statutes of limitations and also by virtue of the sheriff's deed executed pursuant to the order of sale in the case of Alberta Holloman et al. v. Mrs. P. M. Holloman, supra, referred to in the briefs and in the court's findings of fact and conclusions of law as cause No. 4636.

Their title under the deed is attacked by plaintiffs on two principal grounds, viz.: (1) That it conveyed no title because the exclusive jurisdiction for the foreclosure of the lien held by Eskridge was, because it involved the estate of Holloman, a decedent, in the probate court; and (2) that the lack of service of process upon Lynn Holloman, she being a minor at the time, rendered the judgment on the plea of intervention a nullity in so far as her rights were concerned. The position taken by plaintiffs is that there was necessity for administration on the estate of Holloman, and that before Eskridge could lawfully prosecute a suit to foreclose a vendor's lien to secure a note executed by Holloman it would be necessary for him to show that his claim had been duly authenticated and presented to and filed with an administrator or other legal representative of the decedent appointed by the probate court, and that his remedy in the probate court had been exhausted; and that it appearing from the record that the judgment establishing and foreclosing the lien against the heirs of Holloman in the district court without first having presented the claim to the administrator, it was apparent from the record that the district court was without jurisdiction, and the judgment, therefore, void.

Mrs. Alberta Holloman, in her petition in cause No. 4636, alleged: "That petitioner's late husband said T. L. P. Holloman contracted for said land before he and petitioner were married; but the money that was paid for said land was earned by said T. L. P. Holloman by teaching school after his intermarriage with petitioner."

To these facts plaintiffs attempt to apply the rule announced in Hillen v. Williams, 25 Tex. Civ. App. 268, 60 S. W. 997, that land purchased by a husband before his marriage is his separate property, and, if any part of the purchase money is paid with community funds, the community estate is entitled to reimbursement therefor with a charge on the land, to show that the estate of T. L. P. Holloman was indebted to Mrs. Alberta Holloman for the funds of the community that went toward purchasing the property, and that the debt of Eskridge was not the sole debt owing by Holloman's estate.

We do not so interpret the pleading. The facts alleged by Mrs. Holloman were clearly for the purpose of showing that the land sued for belonged to the community estate rather than to Mr. Holloman's personal estate. This is clearly shown by the fact that no amount is alleged as having been paid by the community, and that no prayer for a recovery of any amount alleged to have been paid appears in the petition.

It thus appears that there is nothing in the record before us to show that the claim of Eskridge was not the only claim against the estate. Plaintiffs, however, claim that it was incumbent upon defendants to prove that the judgment of foreclosure in cause No. 4636 was a valid judgment, because the judgment upon its face shows that in rendering the judgment the district court invaded the exclusive and peculiar jurisdiction of the county court.

■ We concur with the doctrine laid down in the cases cited by plaintiffs that in a case where a creditor is seeking to maintain a suit against heirs for the obligation of the ancestor, and the jurisdiction of the district court is questioned, the creditor must allege and prove the facts which bring his case within the exception to the general rule requiring administration.

We cannot agree, however, that such doctrine applies to cases where a collateral attack, such as it is admitted is being made here, is made upon a judgment rendered by a district court.

■ The burden of proving a judgment void rests upon the party attacking it. 25 Tex. Jur. § 324, p. 842.

In Floyd et al. v. Watkins, 34 Tex. Civ. App. 3, 79 S. W. 612, 614 (writ denied) a purchaser under a foreclosure sale brought trespass to try title to certain property, and the contention was made that the district court was without jurisdiction. The court after citing the holdings in Patterson v. Allen, 50 Tex. 23, and Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698, that creditors might sue in the district court by showing that no other debts existed, said: "In the trial of the case now on appeal, in which the judgment referred to is collaterally assailed by the appellants, it devolved upon them to negative the existence of facts authorizing the suit to be brought in the district court."

The petition in intervention was not introduced in evidence, though it appears that it was read to the trial court. It is not legally before us for consideration, and we have no way of knowing that it did not contain allegations of facts necessary to authorize the bringing of the suit in the district court rather than in the probate court.

The question whether a judgment rendered against a minor not actually brought into court by service of process was void or only voidable was first considered by the Supreme Court in McAnear v. Epperson, 54 Tex. 220, 38 Am. Rep. 625. It was there held that a judgment rendered without actual service of process on the minors who were represented by a guardian ad litem was not void. The Supreme Court adhered to that holding in Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639, and we have found no case holding to the contrary.

Cause No. 4636 was filed by Mrs. Alberta Holloman for herself and as next friend of Lynn Holloman, and after the petition in intervention was filed, the court appointed a guardian ad litem to represent Lynn Holloman.

These facts seem to bring this case clearly within the rule as announced in the above cases, and, therefore, the judgment, not being void, was not subject to collateral attack.

It follows that the judgment in cause No. 4636 was a valid judgment, and that the title conveyed by the sheriff's deed must be recognized. The judgment in favor of defendants must, therefore, be affirmed.

The question of title by limitations and the many other questions presented need no discussion in view of the above holding.

The judgment is affirmed.