**OGLE v. JONES et al.**

**No. 2225.**

Court of Civil Appeals of Texas. Waco.

Sept. 26, 1940.

Rehearing Denied Oct. 17, 1940.

Shelby S. Cox, of Dallas, for appellant.

A. R. Eidson, of Hamilton, and J. A. Johnson, of Stephenville, for appellees.

ALEXANDER, Justice.

The only question involved in this appeal is the right of a surviving widow, upon the partition of the estate of herself and deceased husband, to recover for advancements made out of her separate estate and the community estate of herself and deceased husband, during their marriage, to make valuable improvements on the separate property of the deceased husband. The improvements here involved are alleged to consist of houses, barns, wells, windmills and others of a permanent nature. The appellee, the only child of the deceased husband, contends that the surviving widow, the appellant, should not be allowed to recover for such advancements because, admittedly, all of the improvements in question were placed on that portion of the deceased husband's separate property which was set aside to the widow in the partition as a rural homestead.

█ █ It is fundamental under our decisions, where the funds of a wife, either separate or her interest in the community, have been used to permanently improve the husband's separate real property, that upon partition of the community estate the wife is entitled to reimbursement therefor. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, par. 16, and authorities there cited. Such right is based upon equitable principles and the amount of the recovery is limited to the amount of the enhancements of the property by virtue of the improvements placed thereon. 32 Tex.Jur. 175; Pynes v. Pynes, Tex.Civ.App., 225 S.W. 777.

█ Appellees suggest that the widow's right of recovery in such case cannot be determined until the expiration of her homestead right in the property, because the estate of the deceased husband should be held liable only to the extent of the enhancement in value as of the time it receives possession of the property. The general rule, however, is that the extent of the enhancement in value and the consequent measure of the widow's recovery is determined as of the time of the partition. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, par. 28; Clift v. Clift, 72 Tex. 144, 10 S.W. 338; Hillen v. Williams, 25 Tex.Civ.App. 268, 60 S.W. 997; Lynch v. Lynch, Tex.Civ.App., 130 S.W. 461, writ refused; Branch v. Makeig, 9 Tex. Civ.App. 399, 28 S.W. 1050; 31 C.J. 222; 32 Tex.Jur. sec. 27. The above rule necessarily applies because the deceased husband's estate is allowed to recover title to the land with the improvements thereon as of the date of the partition and by the same standard the widow should be allowed to recover for the improvements as of the same date. It would be inequitable to allow the heirs of the deceased husband's estate a full recovery of all their right and at the same time postpone until the expiration of the homestead claim the right of the widow to recover on her claim for the improvements made with her funds, for as said by the Supreme Court in Moore v. Moore, 89 Tex. 29, 33 S.W. 217, 219, "it is the policy of our law to settle in one suit all litigation with reference to the subject-matter, and to adjust the rights of all the parties thereto, in so far as it can be done in accordance with our liberal rules of proceeding. It would be simply multiplying suits to send the defendants into the same court, in another action against the same parties, in order to establish their rights with reference to the property then being litigated."

█ The fact that the widow in this instance was awarded a homestead right in that portion of the land upon which the improvements were placed and will therefore be entitled to occupy the property for the remainder of her natural life, if she so elects, in nowise alters the case. It is true that under the rule here announced, she will receive from the husband's separate estate compensation for the enhancement of the property as of the time of the partition and, in addition, will have the benefit of using the improvements so placed on the land with her funds and for which she will have been compensated. But she would have had the same right to have so used the improvements if the husband had paid therefor during his life, and the fact that payment to her for such improvements was postponed until partition took place does

not change her rights. The husband selected the homestead and the exemption thereof accrued by virtue of the Constitution and statutes and the surviving widow is entitled thereto regardless of the extent of the improvements thereon. Any other rule would require the widow to waive her right to compensation for improvements made with her funds on the separate lands of the husband as 'a condition precedent to her right to continue to occupy it as the family homestead. The Constitution prescribes no such conditions. Constitution, art. 16, sec. 52, Vernon's Ann.St.

It follows from what has been said that the trial court erred in refusing to allow the widow the right to establish her claim for the improvements.

The judgment of the trial court is reversed and the cause remanded for a new trial.