McKie & Hill, of San Marcos, for appellants.

Frank A. Ogilvie, of Ft. Worth, for appellees.

## JENKINS et al. v. ROBINSON et al.
### No. 9308.

Court of Civil Appeals of Texas. Austin.

Feb. 24, 1943.

Rehearing Granted in Part and in Part Overruled March 10, 1943.

BLAIR, Justice.

This suit was filed for the partition of certain real estate between appellants, the heirs of Cecil Jenkins, and appellees, the heirs of his wife, Ona Robinson Jenkins. The real estate was sold by agreement of the parties and the proceeds of the sale were deposited in the registry of the court. The suit therefore resolved itself into one for the partition of such proceeds of sale, and is ultimately one for an accounting between the separate estate of Cecil Jenkins and the community estate of himself and Ona Robinson Jenkins.

The real estate was purchased in 1904 and 1905 by Cecil Jenkins before his marriage to Ona Robinson Jenkins in 1908, which was the only marriage of either spouse, and no issue was born of this marriage. The husband died in 1928 and the wife in 1941. The total consideration paid for the real estate was $2,800, of which $250 was paid in cash, and the remainder of $2,550 was evidenced by vendor's lien notes executed by Cecil Jenkins. Payments made on this indebtedness prior to the marriage and afterwards by sales of part of the real estate aggregated $1,230.-02, and were therefore made out of the separate estate of Cecil Jenkins. As the result of an error in calculation the trial court found this amount to be $1,280.02. The remainder of said indebtedness, $1,-319.98, found by the trial court to be $1,-269.98 as the result of the aforementioned error in calculation, was paid after the marriage, from time to time until finally paid in 1919. The judgment recites that the court "is unable to determine whether said remainder was paid out of funds belonging to the community estate of Cecil Jenkins and Ona Robinson Jenkins, or whether same was paid out of the separate funds of the said Cecil Jenkins." The court then concludes in its judgment, as follows:

"The court concludes, as a matter of law, that the burden was on the defendants and intervenors (inheriting and claiming a distributive share from the separate estate of Cecil Jenkins deceased) to show that all payments made after his marriage were made with funds belonging to his separate estate, and the proof the payment of $1269.-98 on the notes aforesaid, having failed to show whether same was paid from separate funds, or from community funds, the court is of the opinion that said sum should be presumed to have been paid from community funds, and that therefore the community estate of Cecil Jenkins and Ona Jenkins is entitled to reimbursement in the said sum of $1269.98."

■■ This conclusion as to the burden of proof is clearly erroneous. The real estate was and is conceded by appellees to have been the separate property of Cecil Jenkins. The only right or interest asserted by appellees in the proceeds of the sale of the real estate was that the community estate should be reimbursed for its funds used in paying in part the notes representing a part of the purchase price of the real estate, and which payments completed title thereto in Cecil Jenkins. Having so alleged the burden was on appellees to prove that the notes were paid in part with community funds. Welder v. Lambert, 91 Tex. 510, 44 S.W. 281; Gameson v. Gameson, Tex.Civ.App., 162 S.W. 1169; Rolater v. Rolater, Tex.Civ.App., 198 S.W. 391; Price v. McAnelly, Tex.Civ.App., 287 S.W. 77; Gillespie v. Gillespie, Tex.Civ.App., 110 S.W.2d 89. This burden is not met by merely showing that the indebtedness was paid during the time the marital relationship existed; but it must be established by a preponderance of the evidence as in any civil case not otherwise controlled by statute or rule of law. This burden of proof is not aided by the statutory presumption that all property acquired during marriage is presumed to be community property; because this presumption would defeat the rule that the burden of proof is on appellees to show that the community property acquired under that presumption was actually used to pay off the indebtedness on the real estate. If the rule were otherwise, then all one spouse need do to acquire a community interest in property acquired by the other before marriage would be to show that the note or notes representing a part of the purchase price were paid after marriage. This is contrary to the settled rule that where title is acquired by either spouse before marriage its status as separate property is fixed at the time of its acquisition, which status cannot be altered thereafter by the fact that the remainder of the purchase price is paid for with funds of the community estate. Lee v. Lee, 112 Tex. 392, 247 S.W. 828. Such payments at most merely call for an accounting between the estates, which is the purpose of appellees' suit; and having alleged that the indebtedness against the real estate was paid in part with community funds, they had the burden of proof to establish that fact. Moore v. Moore, 28 Tex.Civ.App. 600, 68 S.W. 59; Hirsch v. Howell, Tex.Civ.App., 60 S.W. 887; and cases cited supra.

Appellees contend, however, that irrespective of the findings of the trial court that all debts paid during marriage are presumed, in absence of proof to the contrary, to have been paid out of funds belonging to the community estate, the evidence and surrounding facts and circumstances were sufficient to overcome the legal presumption that the balance of the

purchase price of the real estate, in absence of proof to the contrary, was paid out of the separate estate of Cecil Jenkins; and were sufficient to sustain the findings of the trial court that the balance of the purchase price of the real estate was paid out of both the separate and the community estates in the amounts hereinabove stated.

The judgment recites that under all of the evidence and surrounding facts and circumstances the "court is unable to determine whether said remainder was paid out of funds belonging to the community estate of Cecil Jenkins and Ona Robinson Jenkins, or whether same was paid out of the separate funds of said Cecil Jenkins." This recital is tantamount to a finding of the court trying the case without a jury that appellees did not prove by a preponderance of the evidence that the notes against the real estate were paid in part with community funds. That such was the finding of the court is made evident by the other recital of the judgment "that the burden was on (appellants) * * * to show that all payments made after marriage were made with funds belonging to his separate estate." By these recitals the court necessarily held that without the aid of the presumption that all debts paid after marriage were paid out of the community funds in absence of proof to the contrary, appellees did not meet the burden of proof required of them to show by a preponderance of the evidence that the community estate or funds were used in payment of a part of the indebtedness against the real estate owned by Cecil Jenkins prior to the marriage. Under the finding that the court could not determine from the evidence whether the remainder of the indebtedness against the real estate was paid out of the community estate or funds, the court should have rendered judgment against appellees in accordance with the settled rule that where the claim is made that "community funds are used to complete title partially earned prior" to the marriage, the burden of showing that fact is upon the party or parties making the claim, and where, as in the instant case, the parties failed to make that showing, the community estate is not entitled to be reimbursed out of the separate estate of the spouse owning the real estate. See the cases above cited.

Appellees do not claim that the evidence showed as a matter of law that community funds were used to discharge a part of the debt against the real estate acquired before the marriage, and the briefs of both appellants and appellees state that no other proof can be secured and that the case is as fully developed as it ever could be. And as sustaining the finding of the trial court that it could not determine from the evidence whether the remainder of the notes was paid out of the community estate, we briefly summarize the facts, as follows:

At the time of the marriage Cecil Jenkins owned certain real estate subject to an indebtedness of $2,550. After the marriage some of this land was sold and the proceeds paid on the debt, reducing it to about $1,300, and leaving about 200 acres of ranch land here involved. Also at the time of his marriage Cecil Jenkins owned about 25 head of cattle valued at around $15 to $20 per head, which with their increase were sold from time to time after the marriage and prior to the payment of the indebtedness against the land; "about ten or twelve mares," sold after marriage and before the payment of the indebtedness against the land for $50 or $60 a head; and one jack, sold about three years after the marriage for $1,000. This property was sufficient to pay the remainder of the debt against the land. The community estate acquired no appreciable amount of property either prior to or after the payment of the debt against the land, which was finally paid in 1918 or 1919. After the marriage the parties lived on the land, sold eggs, butter, chickens, and the increase of cattle, and the husband bought and sold a few cattle in connection with his small ranching business for a livelihood of himself and wife. No improvements were made on the land, and the small unpainted house on the ranch was furnished with mismatched furniture, a part of which was given to the spouses by their respective relatives. During the latter part of his lifetime the husband engaged in the meat market business on a small scale. A bank account was opened in the name of Cecil Jenkins about three years after the payment of the last indebtedness on the land, and showed a balance on November 7, 1921, of $1,249, which dwindled to $55 in the latter part of 1926, and from time to time showed small overdrafts. There was no fact or circumstance shown which tended to prove that any of the community funds were ever used in the payment of any part of the indebtedness against the land.

The judgment of the trial court is reversed and judgment is here rendered for appellants, and that appellees take nothing by their suit, and that appellants recover all costs in this behalf expended.

Reversed and rendered.

On Appellee's Motion for Rehearing.

On motion for rehearing the court's attention is called to the fact that the judgment entered disposes of matters not involved in this appeal. This appeal involves solely the question of whether the community estate should be reimbursed for the amount of indebtedness paid by it for the separate estate of Bert Jenkins. The judgment of the trial court is reversed and judgment is here rendered that appellee is not entitled to any reimbursement of the community estate for the amount of the indebtedness claimed to have been paid by the community estate for the separate estate of Bert Jenkins, and that no other portion of the judgment of the trial court was involved in this appeal and it is not disturbed.

Except as above stated the motion for rehearing is overruled.

Granted in part and in part overruled.