## MENDOZA v. MENDOZA.
### No. 12511.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 4, 1953.

Harry B. Berry and Alonso S. Perales, San Antonio, for appellant.

John A. Pope, Jr., Rio Grande City, for appellee.

POPE, Justice.

Appellee sued her husband, appellant, for a divorce and for a property settlement. The trial court granted the divorce, and this appeal concerns only the property rights of the parties. The parties have no minor children.

On September 27, 1927, appellant's mother and father executed a deed by which they conveyed to him a small tract of land described as "the North sixty-two and 4/10 (62.4) feet off Lot Numbered Six (6), in Block Numbered Sixty-four (64) situated and being in the City of Rio Grande City, Starr County, Texas." The deed recited that appellant paid his parents the sum of $682, and that a vendor's lien secured certain notes amounting to an additional $1,818. Thereafter, on May 25, 1929, appellant and appellee married. After their marriage, a second deed to a portion of the same property was executed by appellant's mother, his father having died. The second deed was executed on June 21, 1932, and conveyed to appellant "The North forty and one-tenth (40.1) feet off of Lot No. Six (6), in Block No. Sixty-Four (64), situated and being in the City of Rio Grande City, Starr County, Texas." The decree adjudged the property described in the second deed to be community property and ordered it partitioned and equally divided between the husband and wife.

■ The property in question was the separate property of the husband. Article 4613, Vernon's Ann.Civ.Stats., in part provides: "All property of the husband, both real and personal, owned or claimed by him before marriage, * * * shall be his separate property." The first deed to appellant by his parents included the property in question and that conveyance antedated the marriage more than a year and a half. The general rule is that the title "relates to its origin and must take the impress of its character from it." Welder v. Lambert, 91 Tex. 510, 526, 44 S.W. 281, 286; Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328; Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529.

■■ What motivated the second deed is conjectural, but there is nothing in this record which in any way invalidated the earlier conveyance to appellant of the same property, which occurred before the marriage. The only other finding relied upon to support the conclusion that the lot is community property is that the appellee wife, after the marriage, contributed funds out of her separate estate toward the payment of the debt against the property. The trial court found that she had used $1,350 of her separate funds for that purpose. The evidence supports the fact that she used only $1,250 of her own funds. But the use of the wife's separate funds after marriage to discharge the debt against the husband's separate property did not transform separate property into community property. Appellee's remedy is to obtain reimbursement. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Jenkins v. Robinson, Tex.Civ.App., 169 S.W.2d 250; Ogle v. Jones, Tex.Civ.App., 143 S.W.2d 645; White v. Hebberd, Tex.Civ.App., 89 S.W.2d 482.

The judgment of the trial court determined other property rights not here involved, and also granted the divorce. Those portions of the judgment are affirmed, but the judgment with reference to the lot in question is reversed and remanded for another trial in accord with correct principles of property law. Rule 434, Texas Rules of Civil Procedure.