**Louis Joseph GIRARD, Appellant,**

v.

**Loraine McMurrey GIRARD, Appellee.**

**No. 16465.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 3, 1975.

Robert J. Piro, Mary C. Philley, Houston, for appellant; Baker & Botts, Houston, of counsel.

J. Edwin Smith, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from the judgment in a divorce case. The appellant, Dr. Louis J. Girard, makes no complaint of that portion of the decree awarding a divorce and the support and custody of the child of the marriage. His complaints are directed to that portion of the judgment relating to a house constructed upon a lot in River Oaks owned by Dr. Girard, the cost of which was paid with community funds.

Mrs. Girard was awarded reimbursement for borrowed community funds spent to build the house on the River Oaks lot, which loan has not been repaid in full; the right to live in the home so long as she and the child maintain it as their principal residence, regardless of the wife's remarriage; and reimbursement for two-thirds of the principal and interest she pays on the home mortgage while living there subsequent to the divorce. The appellant al-

leges that the court erred in making each of these awards. It is undisputed that the parties borrowed the sum of $135,000.00, and that both executed a note in that sum payable to the Benjamin Franklin Savings Association and secured by a lien on the River Oaks property. These funds, together with the additional sum of $12,000.00 of community funds, were used to pay the costs of construction of a house erected on the River Oaks lot. The evidence, therefore, shows that $147,000.00 of community funds were used to erect improvements on the separate property of the appellant. Broussard v. Tian, 156 Tex. 371, 295 S.W. 2d 405 (1956). At the time of the trial community property funds of $5,225.00 had been used to make payments on the note. It appears, therefore, that the principal of the note had been reduced very little. However the fact that the note had not been paid does not affect the community character of the funds realized from the loan. Broussard v. Tian, supra. Mrs. Girard was awarded as her separate property by the judgment of the court real estate, principally oil and gas interests, having a value in excess of $800,000.00. The fact that she is liable on the note is significant although the evidence shows that the value of the River Oaks property pledged as security for the note is substantially more than the amount of the loan. The trial court did not specifically require Dr. Girard to assume payment of the balance due on the note as a part of the property settlement.

The River Oaks lot in question was improved with a residence at the time of the marriage of Dr. Girard and Mrs. Loraine Girard. This house was torn down in late 1968 so that the new house might be erected on the lot. Dr. Girard testified that the idea of tearing down his residence and building a new house was formulated by him in the middle or early Sixties prior to the time that he had met Mrs. Girard. Prior to their marriage they discussed the matter in detail and finally decided to tear the house down and build a new one.

Construction was begun on the house in January of 1969 and was completed in May of 1970.

The parties stipulated that appraisals made by Robin Elverson were true and correct. These appraisals were admitted into evidence. It was Mr. Elverson's opinion that the lot was worth $115,000.00 to $125,000.00 in early 1970 and that the lot as improved on the same dates was worth $340,000.00 to $380,000.00. He further stated that as of February 6, 1974 the lot is worth $150,000.00 to $160,000.00 and that the fair market value of the house and lot is $380,000.00 to $420,000.00.

The trial court filed a conclusion of law no. 1 reading: "The court's calculation of the enhancement in value of the husband's separate property by community expenditures was based on the stipulated appraisals by Robin A. Elverson as to the value of the lot without the improvements and the value of the property with the improvements. The court took the lowest figures given by Elverson for both values: $340,000.00 value with improvements, $115,000.00 without the improvements. This showed a gross enhancement of $225,000.00. From this gross enhancement figure the court deducted the costs of construction of $147,000.00. The result was a net enhancement in value of $78,000.00. Had the court taken the higher values given by Elverson, the net enhancement would have been $83,000.00."

The court also filed finding of fact no. 11 reading:

"During the marriage of the parties their community estate expended community funds and bound community credit for improvements on the above described homestead, said improvements enhancing the value of said homestead by the sum of $78,000.00."

■ This finding of fact has not been directly challenged by the appellant, although he insists in argument that it is not

supported by the evidence for the reason that there is no evidence of the value of the lot with the improvements thereon prior to the time the new residence was erected. The rules of law applicable to a situation where community funds are spent to erect improvements on the separate property of one spouse are stated in Burton v. Bell, 380 S.W.2d 561 (Tex.1964). There the court said:

"The charge or equity which one estate has against the opposite estate for reimbursement of all funds spent in enhancing the value of such opposite estate is only a claim for money and return of funds and not a right, title or interest in the land."

▪ The pertinent rules were clearly stated and applied in Ogle v. Jones, 143 S.W.2d 644 (Tex.Civ.App.—Waco 1940, writ ref'd), opinion by Alexander, Justice, in these words:

"It is fundamental under our decisions, where the funds of a wife, either separate or her interest in the community, have been used to permanently improve the husband's separate real property, that upon partition of the community estate the wife is entitled to reimbursement therefor. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, par. 16, and authorities there cited. Such right is based upon equitable principles and the amount of the recovery is limited to the amount of the enhancements of the property by virtue of the improvements placed thereon. . . .

"Appellees suggest that the widow's right of recovery in such case cannot be determined until the expiration of her homestead right in the property, because the estate of the deceased husband should be held liable only to the extent of the enhancement in value as of the time it receives possession of the property. The general rule, however, is that the extent of the enhancement in value and the consequent measure of the wid-

ow's recovery is determined as of the time of the partition. (citations omitted). . . ."

In Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881 (1937), the court said:

". . . in view of another trial, we make this observation: One-half of this borrowed money became the community property of Felix Bongio and his then wife, now plaintiff in error. In so far as that fund may have been used, if it was used, to erect improvements on lot 3, the separate property of the husband, the community estate is entitled to an accounting, if such improvements enhanced the value of the property. . ."

In Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935), the Supreme Court said that the rule is that the community estate must be reimbursed for the costs of buildings erected by the joint funds upon the separate property of one of the spouses, but that the amount of recovery is limited to the amount of the enhancement of the property "at the time of partition" by virtue of the improvements placed thereon.

▪ Relying on the stipulated appraisals the trial court found a gross enhancement in value of the lot by reason of the improvements to be $225,000.00. His findings of fact reflect that from this enhancement figure the court deducted the costs of construction of $147,000.00. The result was a net enhancement in value of $78,000.00, and he allowed Mrs. Girard one-half of this figure as her share of the reimbursement due to the community. By deducting the cost of construction from the gross enhancement figure, the trial court required the community estate to reimburse itself for the expenditures made in improving Dr. Girard's separate estate. This was error. The estate benefited must reimburse the estate which made the contribution. Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777 (1952). The error, however, is immaterial to the disposition of the case since neither party

has made complaint of this action. Since the enhancement was greater than the cost of construction, the community estate's claim for reimbursement was limited to the sum of $147,000.00, the cost of construction. Ogle v. Jones, supra. The amount the court awarded Mrs. Girard as reimbursement for her share of community funds expended upon Dr. Girard's separate property was substantially less than one-half of the amount expended on said property and substantially less than one-half of the enhancement in value by reason of such expenditure. No harm has resulted to the appellant by reason of that provision in the judgment awarding Mrs. Girard a claim of $39,000.00 to be paid from the proceeds of the sale of the home by the respondent, or upon his death by his estate.

■ Dr. Girard contends, however, that there is no evidence upon which to base a finding that his separate property has been enhanced in any amount by reason of the fact that there is no evidence as to the value of the property as improved prior to the construction of the new house. In Dakan v. Dakan, supra, the court stated that the recovery for reimbursement for separate or community funds expended on the separate estate of the other party to a marriage would be limited to the amount of enhancement of the property "at the time of partition" by virtue of the improvements placed thereon. There is no evidence that on date of trial there were any improvements on the River Oaks lot belonging to Dr. Girard other than the improvements erected by use of the community funds of Dr. Girard and Mrs. Loraine Girard. The testimony as to the value of the lot without improvements and the value of the lot as improved, therefore, was sufficient to sustain a finding as to the amount of the enhancement in value of the lot by reason of the improvements. We cannot say that this method of determining the amount of enhancement is inequitable in this case. Dr. Girard testified that back in the middle or early Sixties before he had met Mrs. Girard he had formulated the plan to destroy the old Del Monte house and build a new one.

The trial court found that it is for the best interest and welfare of the child of the marriage that he be reared in the homestead of the parties located at 3205 Del Monte Street, Houston Texas, the separate property of Dr. Girard. This homestead was ordered impounded for the use and occupancy of petitioner and Louis Girard, the child of the marriage, until said child becomes eighteen years of age, so long as said homestead is used by Mrs. Girard and the child as their principal place of residence. He then ordered that during the time the homestead is used and occupied by Mrs. Girard and said child Mrs. Girard shall pay (1) all the installments of principal and interest on the mortgage loan note, (2) all ad valorem taxes on said property, (3) any assessments against said property by any governmental agency or by River Oaks Corporation, (4) the cost of insurance for said property, (5) and the cost of maintaining said property in good repair. He further ordered that upon termination of the use and occupancy of the property by Mrs. Girard, she shall be entitled to recoup 66⅔ per cent of all payments of principal and interest made by her on the mortgage loan note to be paid her from the proceeds of any sale of the homestead by Dr. Girard or upon his death by his estate. There is no other provision in the judgment relating specifically to the payment of the mortgage loan note. We construe the provisions of the judgment awarding the home to Dr. Girard as part of his separate estate and requiring Mrs. Girard to pay one-third of the principal and interest on the mortgage loan note during the period of time that she occupies the home as her residence as being a decree that at all other times, as between the parties, Dr. Girard will be required to pay all of the principal and interest due on said mortgage loan.

■ The rule laid down in Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923),

remains settled law as to the power of the trial court to award the use of the homestead of the parties in a divorce action to either the husband or the wife or the children whether the homestead is community property or the separate property of one of the parties. In view of the trial court's finding that it is for the best interest and welfare of the child of the marriage that he be reared in the homestead located on Dr. Girard's separate property, we cannot say that the trial court abused his discretion in making such an award.

■ Since the trial court might have awarded the homestead to the wife without requiring that she make any payment on the note secured by a mortgage on the property, we overrule the point that the trial court abused its discretion in awarding reimbursement to the wife for two-thirds of the amount which she pays on the principal and interest of the mortgage lien note.

■ Under the circumstances of this case, and particularly in view of the substantial estate owned by Mrs. Girard, the trial court concluded that equity and justice did not require that Mrs. Girard be given the free use of the home located on Dr. Girard's separate property in order to support herself and her minor child. In his discretion he determined that she should pay one-third of the mortgage lien note, all ad valorem taxes on the property, the assessments made against the property by governmental agencies, the cost of insurance for the property as well as the cost of maintaining the property in good repair. These payments to be made by Mrs. Girard offset to some extent the cost of suitable accommodations for himself which Dr. Girard necessarily will have to incur. The requirement that he repay two-thirds of the principal and interest which Mrs. Girard will pay on the mortgage note does not constitute alimony. Francis v. Francis, 412 S.W.2d 29 (Tex.1967).

■ The disposition made by the court of the homestead property cannot be characterized as manifestly unjust and unfair.

The judgment is affirmed.