COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-349-CV
 
JOHN EDWARD MULLER
                                                                      
APPELLANT
V.
DEIDRE DENISE MULLER
                                                                          
APPELLEE
------------
FROM THE 30TH DISTRICT COURT OF WICHITA
COUNTY
------------
MEMORANDUM
OPINION(1)
------------
On September 12, 2002, following a bench trial, the trial court signed a
final decree of divorce and judgment, dissolving the marriage of Appellant John
Edward Muller and Appellee Deidre Denise Muller, dividing their community
estate, and providing support for their minor child Jenna. Appellant raises
three points on appeal with regard to the trial court's rulings concerning
Appellant's separate property house located at 725 Gayle Street, Burkburnett,
Texas. We affirm.
Factual and Procedural Background
Appellee filed for divorce in June 1999. The case was tried to the bench, and
the court entered a decree of divorce on December 5, 2001. On December 13, 2001,
Appellee filed a motion to set aside the decree, and the court granted the
motion a week later. On February 6, 2002, Appellee filed objections to
Appellant's proposed decree of divorce, arguing in part that, as part of the
child support award, the court had the legal authority to allow Appellee and
Jenna to reside in Appellant's separate property residence as long as the child
was entitled to support.
The court requested a response from the attorneys on this issue, and both
sides provided letters to the court. After considering the letters, the court
granted Appellee's request as follows:

         1) [Appellee] and the child will be
 permitted to reside in the house until the occurrence of the earlier of the
 following events:
 
         (a)  the child ceases to
 reside with [Appellee] on a permanent basis;
         (b)  [Appellee]
 remarries;
         (c)  [Appellee] begins
 residing with another person; or
         (d)  July 1, 2007.
 
         [2] [Appellee] will be
 responsible for the property taxes beginning January 1, 2003, and the
 insurance and maintenance beginning July 1, 2002.

 
The court stated that it had based its decision on section 154.003 of the
family code and on Girard v. Girard, 521 S.W.2d 714 (Tex. Civ.
App.--Houston [1st Dist.] 1975, no writ). Tex. Fam. Code Ann. §
154.003 (Vernon 2002).
On September 12, 2002, the court entered a final decree of divorce. In the
decree, the court ordered Appellant to pay $377.67 per month to Appellee as
child support. The final decree also confirmed that the 725 Gayle Street
property was Appellant's sole and separate property, and, in accordance with its
previous ruling, the court ordered as additional child support that the property
shall remain occupied by Appellee and Jenna until the occurrence of the earliest
of the four events listed above. The trial court later denied Appellant's motion
for new trial, and this appeal ensued.
Gayle Street Property as Child Support
In his first point, Appellant asserts that the trial court abused its
discretion when it distributed Appellant's separate property through an
administration in violation of the Texas and United States Constitutions.
Appellee responds that Appellant has waived any constitutional challenge to
section 154.003 of the Texas Family Code. Moreover, Appellee contends that the
trial court did not abuse its discretion by divesting or awarding Appellant's
separate property to Appellee.
A trial court cannot divide, divest title, or take from a person his or her
separate property, whether the property is personal property or real estate. See
Cameron v. Cameron, 641 S.W.2d 210, 213 (Tex. 1982); Eggemeyer v.
Eggemeyer, 554 S.W.2d 137, 139 (Tex.1977); see also Tex. Const.
art. XVI, § 15; Tex. Fam. Code Ann. § 7.001 (Vernon 1998). In some
circumstances, a court may set aside one spouse's separate real property as the
homestead of the minor child or children and former spouse for a period of time
if that spouse has primary custody and such setting aside would not amount to a
divestiture or transfer of the owner's fee title. See Eggemeyer,
554 S.W.2d at 138-39; Villarreal v. Laredo Nat'l Bank, 677 S.W.2d 600,
606 (Tex. App--San Antonio 1984, writ ref'd n.r.e.) ("[A] divorce court may
set aside property as the homestead of the wife and children for a certain
period of time even though the property be the separate property of the
husband."); Gerami v. Gerami, 666 S.W.2d 241, 242 (Tex.
App.--Houston [14th Dist.] 1984, no writ) (noting trial court had
authority to set aside the homestead in question for the appellee's exclusive
use until the youngest child of the marriage attained majority); Girard,
521 S.W.2d at 718-19 (holding that trial court did not abuse its discretion in
allowing child to be reared in former spouse's separate property residence).
Further, section 154.003 of the Texas Family Code states, "The court may
order that child support be paid by . . . the setting aside of property to be
administered for the support of the child as specified in the order. Tex. Fam.
Code Ann. § 154.003(4) (Vernon 2002).
Appellant complains that sections 154.003 (4) and (5) are unconstitutional
under both the state and federal constitutions. To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling, if
they are not apparent from the context of the request, objection, or motion.
Tex. R. App. P. 33.1(a); see also Tex. R. Evid. 103(a)(1). If a party
fails to do this, error is not preserved, and the complaint is waived. Bushell
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The objecting
party must get a ruling from the trial court. This ruling can be either express
or implied. Frazier v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort Worth
1999, pet. denied). If the trial judge refuses to rule, an objection to the
refusal to rule is sufficient to preserve error. Tex. R. App. P. 33.1(a)(2).
As a general rule "a claim, including a constitutional claim, must have
been asserted in the trial court in order to be raised on appeal." Dreyer
v. Greene, 871 S.W.2d 697, 698 (Tex.1993); see also Magnuson v. Mullen,
65 S.W.3d 815, 829 (Tex. App.--Fort Worth 2002, pet. denied) (same). After a
careful review of the entire record, we conclude that Appellant failed to
preserve his constitutional challenges by first presenting them in the trial
court. See Dreyer, 871 S.W.2d at 698; Magnuson, 65 S.W.3d at
829. Consequently, he has waived consideration of those issues on appeal.
It is undisputed that the property located at 725 Gayle Street and set aside
for the use of Appellee and Jenna is the separate property of Appellant. Here,
the trial court acted within its statutory authority in finding that it was in
Jenna's best interest to reside in the 725 Gayle Street residence with Appellee
and in awarding the temporary and limited use of the residence as child support.
See Tex. Fam. Code Ann. § 154.003(4); Girard, 521 S.W.2d at
718-19. Accordingly, the trial court did not abuse its discretion by setting
aside the residence for Jenna's and Appellee's use. We therefore overrule
Appellant's first point.
Valuation of Gayle Street Property
In his second point, Appellant complains that, even if section 154.003 of the
family code is constitutional, the trial court erred by failing to place a value
on the set aside property and thereby failed to make a fair and equitable
distribution. Appellee responds that there was no distribution of Appellant's
separate property to Appellee, and there was no request for an additional
finding of fact concerning the value of the residence.
On September 27, 2002, Appellant filed his request for findings of fact and
conclusions of law, which the court made on October 22. It is presumed that all
fact findings needed to support the judgment were made by the trial judge. See
Carter v. William Sommerville and Son, Inc., 584 S.W.2d 274, 276 (Tex.
1979). Findings of fact entered in a case tried to the court have the same force
and dignity as a jury's answers to jury questions. Anderson v. City of Seven
Points, 806 S.W.2d 791, 794 (Tex. 1991); Hawkins v. Ehler, 100
S.W.3d 534, 539 (Tex. App.--Fort Worth 2003, no pet.). The failure to request
additional findings of fact and conclusions of law constitutes a waiver on
appeal of the trial court's failure to make a particular finding. See
Tex. R. Civ. P. 298; Robles v. Robles, 965 S.W.2d 605, 611 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied); Keith v. Keith,
763 S.W.2d 950, 953 (Tex. App.--Fort Worth 1989, no writ).
Here, Appellant did not object to the trial court's findings of fact and
conclusions of law, and he did not request additional findings of fact and
conclusions of law. Because Appellant did not request that the court place a
value on the Gayle Street property, he cannot now complain of the court's
failure to do so. See Tex. R. Civ. P. 298; Robles, 965 S.W.2d
at 611; Keith, 763 S.W.2d at 953.
Appellant also contends that the evidence was legally insufficient to support
the trial court's child support award, which combined periodic payments with the
setting aside of the Gayle Street residence for the use of Appellee and Jenna. See
Tex. Fam. Code Ann. § 154.003(5). In determining a "no-evidence"
point, we are to consider only the evidence and inferences that tend to support
the finding and disregard all evidence and inferences to the contrary. Bradford
v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l Coffee Prods. Co. v.
Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 150
Tex. 662, 244 S.W.2d 660, 661 (1951). Anything more than a scintilla of evidence
is legally sufficient to support the finding. Cazarez, 937 S.W.2d at
450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996). More than a
scintilla of evidence exists if the evidence furnishes some reasonable basis for
differing conclusions by reasonable minds about the existence of a vital fact. Rocor
Int'l, Inc. v. Nat'l Union Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002).
While they were married, Appellant and Appellee lived at the Gayle Street
home. Jenna was born in 1996. During the trial, Appellee testified that she
separated from Appellant in 1999 and that she and Jenna continued to reside at
the Gayle street residence. She requested that she and her daughter be permitted
temporarily to continue to use the Gayle Street residence as part of the child
support award until Jenna turned eighteen or graduated from high school.
Appellee testified that if the use of that property was awarded to Appellant,
she and her daughter would have no place to move to and would have to live out
of their Suburban. Thus, some evidence exists in the record in support of the
trial court's finding of fact 24 that it is in Jenna's best interest to reside
temporarily in the Gayle Street residence, which the court determined in finding
of fact 27 had been Jenna's residence since her birth. See Cazarez, 937
S.W.2d at 450. We therefore overrule Appellant's second point.
Ruling Based on Letters
In his third point, Appellant argues that the court abused its discretion in
granting Appellee's objection to the final decree and in subsequently rendering
from that pleading a ruling solely based on letters from the attorneys, rather
than on any evidence. Appellee maintains that there was no abuse of discretion
because after the court had received all of the evidence, Appellant prepared a
proposed decree of divorce, to which Appellee objected. Appellee contends that
the court had not yet resolved two matters for which evidence had already been
received by the court-one of those being Appellee's request that the Gayle
Street property be set aside for her and Jenna's use and occupancy.
In a letter dated April 2, 2002, the trial court requested argument and
citation to the record from Appellee concerning the setting aside of the Gayle
Street property, and it allowed Appellant to respond. Both parties complied by
sending letters to the court. Appellee attached a copy of the record concerning
her request for use of the Gayle Street property and a copy of the Girard
decision. Appellant did not object to the trial court's request for input from
trial counsel for both sides. Thereafter, the trial court ruled on the issues
raised by Appellee, and a final decree was signed.
Appellant's brief lacks any legal authority in support of his position that
the trial court abused its discretion by granting Appellee's objection to the
proposed decree and subsequently basing its decision on the letters and
attachments submitted by each side. Texas Rule of Appellate Procedure 38.1(h)
requires that every appellant's brief must contain a clear, concise argument in
support of its contentions, including appropriate citations to authorities and
the record. See Tex. R. App. P. 38.1(h). By raising an issue and
failing to present any argument or authority on that issue, the party waives
that issue. See id.; CherCo Props., Inc. v. Law, Snakard &
Gambill, P.C., 985 S.W.2d 262, 266-67 (Tex. App.--Fort Worth 1999, no
pet.). Accordingly, we hold that Appellant has waived the right to complain
about this issue on appeal, and we therefore overrule his third point.
Conclusion
Having overruled Appellant's three points, we affirm the trial court's
judgment.
 
                                                           ANNE
GARDNER
JUSTICE
PANEL B: DAUPHINOT, GARDNER, AND WALKER, JJ.
DELIVERED: August 28, 2003

1. See Tex. R. App. P. 47.4.